UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARIUS BUTLER, | No. 2:22-cv-1301 KJN P |
| Plaintiff, | |
| v. | ORDER |
| J. CLARK KELSO, et al., | |
| Defendants. | |

      On December 27, 2022, plaintiff filed a motion for permission and an extension of time to file a surreply to the receiver defendants' reply in support of the motion to dismiss.  Plaintiff contends that the receiver challenged the timeliness of plaintiff's opposition for the first time in their reply and therefore he needs to address it in a further filing.

      Parties do not have the right to file sur-replies and motions are deemed submitted when the time to reply has expired.  Local Rule 230(l).  The Court generally views motions for leave to file a sur-reply with disfavor.  Hill v. England, 2005 WL 3031136, at *1 (E.D. Cal. Nov. 8, 2005) (citation omitted); Turner v. Admin. Sec. Personell, 2017 WL 4387326, at *1 (E.D. Cal. Oct. 3, 2017) ("district courts have the discretion to either permit or preclude a surreply.")  Such discretion "should be exercised in favor of allowing a surreply only when a valid reason for such additional briefing exists, . . ."  Hill, 2005 WL 3031136, at *1.  For example, "[d]iscretion to grant leave to file a surreply is proper when a party has submitted new evidence with its reply

1

brief." <u>Citizens for Quality Educ. San Diego v. San Diego Unified Sch. Dist.</u>, 2018 U.S. Dist. LEXIS 77695, at *3 (S.D. Cal. May 7, 2018).

Here, the receiver defendants' contention that plaintiff's filing was untimely requires no further briefing as the court evaluates the issue by applying the mailbox rule. <u>Houston v. Lack</u>, 487 U.S. 266, 275-76 (1988) (pro se prisoner filing is dated from the date prisoner delivers it to prison authorities). Whether or not plaintiff's opposition was timely filed will be determined in applying such rule. Because no surreply is required, plaintiff's motion for extension of time to object to the receiver defendants' reply is denied.

On January 5, 2023, plaintiff filed a motion for extension of time to file a surreply to the late-joining defendants' reply, contending that such defendants included new evidence in their reply. However, review of the reply confirms that no new evidence was submitted. Rather, in their reply the late-joining defendants argued concerning plaintiff's pleading allegations and applicable statutes and addressed plaintiff's opposition. (ECF No. 28.) In addition, in their motion, defendants argued that a defendant's duty in California must be established by statute (ECF No. 11 at 4-5), and plaintiff addressed such argument in his opposition (ECF No. 23 at 37-39). Similarly, California Government Code § 8658 was also argued in defendants' motion (ECF No. 11 at 7) and plaintiff addressed it in his opposition (ECF No. 23 at 53). Therefore, the undersigned exercises his discretion and declines to grant plaintiff leave to file a sur-reply to the late-joining defendants' reply.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for approval and for an extension of time (ECF No. 29) to file a surreply to the receiver defendants' reply (ECF No. 25) is denied; and

2. Plaintiff's motion for permission and for an extension of time (ECF No. 30) to file a surreply to the late-joining defendants' reply (ECF No. 28) is denied.

Dated: January 12, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/butl1301.den.29

2