UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARIUS BUTLER,<br><br>        Plaintiff,<br><br>    v.<br><br>K. RUETER, J. PICKETT, B. KIBLER, et al.,<br><br>        Defendants. | No. 2:22-cv-01301 KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

I.    Introduction

      Plaintiff Darius Butler, a state prisoner proceeding pro se, filed a state court action entitled Butler v. K. Rueter, et al., No. 34-2022-00318077, in Sacramento County Superior Court seeking relief against employees of the California prison healthcare system for negligence, intentional infliction of emotional distress, negligent infliction of emotional distress, and civil conspiracy for exposing him to Covid-19. Defendant J. Clark Kelso, who was appointed by the United States District Court for the Northern District of California as the Receiver for the California prison medical healthcare system, and Defendants Richard Kirkland, Lisa Heintz, John Dovey, and Jackie Clark (collectively, the "Receiver Defendants"), removed the state court action to this Court pursuant to 28 U.S.C. § 1442(a)(1) and (3). (ECF No. 1; Order Appointing New Receiver at 5, Plata v. Schwarzenegger, No. C01-1351 TEH (N.D. Cal. Jan. 23, 2008), ECF No. 106.)

Plaintiff filed a motion for remand, which Receiver Defendants opposed and submitted a request for judicial notice in support of their opposition. (ECF Nos. 6 & 10.) Plaintiff submitted a reply in support of the motion for remand and a request for judicial notice. (ECF Nos. 16 & 17.)

After removing the complaint, Receiver Defendants moved to dismiss the action under Rule 12(b)(6) for failure to state a claim upon which relief can be granted, and in the alternative, moved to request a screening. (ECF Nos. 3.) Plaintiff opposed this motion with a second request for judicial notice,[1] and Receiver Defendants filed a reply. (ECF Nos. 23, 23-1 & 25.) The other defendants[2] joined the motion. (ECF Nos. 11 & 28.)

After reviewing the record, this Court grants in part and denies in part defendants' request for judicial notice (ECF No. 10-1), grants plaintiff's request for judicial notice (ECF No. 17), and grants in part and denies in part plaintiff's second request for judicial notice (ECF No. 23-1). Further, this Court recommends denying plaintiff's motion to remand (ECF No. 6) and granting defendants' motion to dismiss plaintiff's complaint (ECF No. 3), with prejudice as to Defendants J. Clark Kelso, Richard Kirkland, Lisa Heintz, John Dovey, and Jackie Clark, and without prejudice as to the remaining defendants. This Court grants plaintiff's request for leave to amend the complaint consistent with this Court's findings and recommendations.

II.   Requests for Judicial Notice

Both parties make separate requests for judicial notice. (ECF Nos. 10-1, 17 & 23-1.) Federal Rule of Evidence 201(b) provides that a federal court may take judicial notice of an adjudicative fact "that is not subject to reasonable dispute" if the fact "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined

---

[1] Receiver Defendants argue that plaintiff's opposition is untimely and should be disregarded in its entirety. (ECF No. 25.) They are mistaken. This Court ordered plaintiff to file his opposition brief on or before November 21, 2022. (ECF No. 22.) Plaintiff complied with that deadline by mailing his opposition brief on November 20, 2022. (ECF No. 23 at 56.) Receiver Defendants' counsel should be aware that the mailbox rule applies to prisoner's filings. See Houston v. Lack, 487 U.S. 266 (1988).

[2] The docket does not have notice of appearances for Defendants Jennifer Barreto, Connie Gipson, and Kevin Hoffman. Those defendants, therefore, did not join the Receiver Defendants' motion to dismiss.

from sources whose accuracy cannot reasonably be questioned." Under this rule, courts may take judicial notice of "*undisputed* matters of public record," but generally may not take judicial notice of "*disputed* facts stated in public records." Lee v. City of Los Angeles, 250 F.3d 668, 690 (9th Cir. 2001).

Receiver Defendants request that this Court take judicial notice of the following items: (1) Order Appointing Receiver, filed February 14, 2006, in Plata, et al. v. Schwarzenegger, et al., Case No. 01-1391 TEH (N.D. Cal.); (2) Order Appointing New Receiver, filed on January 23, 2008, in Plata, et al. v. Schwarzenegger, et al., Case No. 01-1391 TEH (N.D. Cal.); (3) California Correctional Healthcare Services ("CCHCS") organization chart and other general webpages from CCHCS website; (4) January 10, 2017 CCHCS memorandum confirming that defendant John Dovey acted as CCHCS Director of Corrections Service, and thereafter as a Special Consultant to the Office of the Receiver; (5) the notice of removal (ECF No. 1); and (6) July 22, 2022 Receiver Defendants' Notice to Adverse Party of Removal to Federal Court, filed in Sacramento County Superior Court. (ECF No. 10-1.)

This Court grants in part and denies in part the Receiver Defendants' request for judicial notice. As to Receiver Defendants' first and second requests, both documents are court orders entered in Plata, et al. v. Schwarzenegger, et al., Case No. 01-1391 TEH (N.D. Cal.). Because those documents are undisputed matters of public record, it is appropriate for this Court to take judicial notice of these documents. (ECF No. 10-1 at Exs. 1 & 2.) In their third request, Receiver Defendants ask this Court to take judicial notice of a CCHCS organizational chart and other general webpages from their website. (ECF No. 10-1 at Ex. 3.) These webpages were made publicly available by a government entity and neither party disputes the authenticity of the websites or the accuracy of the information they provide. It is, therefore, appropriate for this Court to take judicial notice of exhibit 3. See Japanese Vill., LLC v. Federal Trade Admin., 843 F.3d 445, 454 (9th Cir. 2016); Daniels-Hall v. National Educ. Ass'n, 629 F.3d 992, 998-99 (9th Cir. 2010). In their fourth request, Receiver Defendants ask this Court to take judicial notice of a CCHCS agency memorandum dated January 10, 2017. (ECF No. 10-1 at 4.) This Court may take judicial notice of facts that are capable of accurate determination by sources whose accuracy

3

cannot reasonably be questioned.  Fed. R. Evid. 201; see City of Sausalito v. O'Neill, 386 F.3d 1186, 1224 n.2 (9th Cir. 2004) ("We may take judicial notice of a record of a state agency not subject to reasonable dispute.").  Arguably, one could construe this memo as a record of a state agency – CCHCS – but in any event, the fact that Dovey is special consultant to the office of the receiver cannot reasonably be questioned.  This Court grants that request as well.  The Receiver Defendants' fifth request is unnecessary; this Court does not need to take judicial notice of dates on its own case docket.  (ECF No. 1.)  For their sixth request, this Court judicially notes that the Sacramento Superior Court of California file stamped Notice to Adverse Party of Removal to Federal Court is dated July 22, 2022.  (ECF No. 10-1 at Ex. 5.)

Plaintiff makes two requests for judicial notice.  First, plaintiff requests judicial notice of two responses he received from CCHCS from a Public Records Act request:  (1) PRA Request 22-PRA-065 dated February 28, 2022, identifying members of the Governing Body from March 2020 to March 2021, and (2) PRA Request 22-PRA-061 dated February 28, 2022, identifying members of the Quality Management Committee from March 2020 to March 2021.  (ECF No. 17 at Exs. 1 & 2.)  Because the information contained in these records can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned, it is appropriate to grant plaintiff's request.  (ECF No. 17.)

Second, plaintiff's second request for judicial notice includes lists of committee members and documents regarding California Department of Corrections and Rehabilitation's ("CDCR") response or procedures for handling the Covid pandemic.  (ECF No. 23-1.)  Specifically, the request includes the following documents:  (1) PRA Request 22-PRA-060 Complete Care Oversight Team, March 2020 – March 2021; (2) PRA Request 22-PRA-061 Quality Management Committee March 2020 – March 2021; (3) PRA Request 22-PRA-076 HDSP Patient Safety Committee March 2020 – March 2021; (4) PRA Request I004472-021711 HDSP Chief Medical Executive March 2020 – March 2021; (5) PRA Request 22-PRA-065 Governing Body March 2020 – March 2021; (6) PRA Request 22-PRA-034 Health Care Ethics Committee March 2020 – March 2021; (7) PRA Request 21-PRA-183 Covid-19: Interim Guidance from Health Care and Public Health Providers; (8) PRA Request I004047-01022 request for "Root Cause Analysis"

conducted by HDSP Patient Safety Committee; (9) PRA Request 22-PRA-079 request for documents from HDSP Patient Safety Committee concerning refusal policy; (10) PRA Request I002794-072221 May 22, 2020 Covid-19 Pandemic: Road Map to Reopening Operations; (11) San Quentin News, vol. 2020, no. 45 September/October 2020 article "CDCR and how they're handling the global pandemic"; (12) PRA Request 22-PRA-157 Covid-19 HDSP August 2020 to April 2021; (13) PRA Request 22-PRA-157 Covid-19 Surge Mitigation and Management Plan; (14) Office of Inspector General, Covid-19 Review Series, Part Two, October 2020; and (15) Office of Inspector General, Covid-19 Review Series, Part Three, February 2021.  Requests two and five are duplicative of plaintiff's first request for judicial notice (ECF No. 17) and are denied as moot.  Because the information contained in requests 1, 3, 4, and 6 can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned, it is appropriate to grant these requests.  Plaintiff's remaining requests 7 through 15 appear to be an attempt to supplement the complaint allegations in order to survive the motion to dismiss.  (See generally ECF No. 23).  This is improper.  See Temple of 1001 Buddhas v. City of Fremont, 562 F. Supp. 3d 408, 426 n.13 (N.D. Cal. 2021) (denying request for judicial notice as an improper attempt to amend the complaint during briefing on defendant's motion to dismiss); Gerritsen v. Warner Bros Entertainment, 112 F. Supp. 3d 1011, 1033 n.93 (C.D. Cal. 2015) (declining plaintiff's request for judicial notice when request is an attempt to supplement the complaint allegations).  Additionally, the facts plaintiff seeks to have judicially noticed from these documents may also be subject to varying interpretations and cannot be accurately and readily determined from the sources whose accuracy cannot be reasonably questioned.  (See generally ECF No. 23); Khoja v. Orexigen Therapeutics, Inc., 899 F.3d 988, 999-1001 (9th Cir. 2018). Lastly, this information is not dispositive of the pending motions.  For all of these reasons, this Court declines plaintiff's request to take judicial notice of requests 7 through 15.[3]

III.    Motion to Remand

Receiver Defendants removed the state action to this Court under 28 U.S.C § 1442(a)(1)

---

[3] This Court grants plaintiff leave to amend the complaint consistent with its findings and recommendations.  Plaintiff can include these additional allegations in an amended complaint.

and (3), which permits removal of cases involving federal officials. As Receiver, Defendant Kelso argues that he is an "officer and agent of the *Plata* court, giving this Court original jurisdiction over claims against him in his capacity as Receiver." (ECF No. 1 at 2.) To the extent plaintiff also sues Kelso individually, Kelso contends that his allegedly wrongful acts were taken "under color of office or in the performance of his duties" as Receiver and are directly related to his court-ordered authority and duties. (Id.)

Plaintiff claims that this action should be remanded for the following reasons: (1) Kelso has not raised a federal defense to be sued as a Receiver under 28 U.S.C. § 1442(a)(1), (3); (2) Kelso has not raised a federal defense to being sued in individual capacity; (3) Kelso does not have absolute immunity for acts done in his official capacity as Receiver; (4) Receiver Defendants Kirkland, Heintz, Dovey, and Clark have not sufficiently alleged that they were acting under Kelso within the meaning of 28 U.S.C. § 1442(a)(1); (5) none of the claims involve acts defendants committed under color of office; and (6) none of the defendants have sufficiently shown that a substantial federal question exists. (ECF No. 6.)

Pursuant to 28 U.S.C § 1442(a), federal officers can remove a state action to federal court:

> (a) A civil action or criminal prosecution that is commenced in a State court and that is against or directed to any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
>
> (1) The United States or any agency thereof or any officer (or any person acting under that officer) of the United States or of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.
>
> …
>
> (3) Any officer of the courts of the United States, for or relating to any act under color of office or in the performance of his duties.

Id. The Ninth Circuit has stated that "removal by a federal court appointed receiver is proper under 28 U.S.C. section 1442(a) when the plaintiff is challenging the receiver's [alleged] personal dereliction in the execution of the Court's orders or judgments but not when the receiver is negligent in performing duties not entrusted to him by the courts." Ely Valley Mines, Inc. v.

1  Hartford Acc. & Indem. Co., 644 F.2d 1310, 1313 (9th Cir. 1981) (citing Gay v. Ruff, 292 U.S. 25 (1934)).  A similar construction has been made for 28 U.S.C. § 1442(a)(3).  Id.  A party seeking removal under § 1442 must demonstrate:  (1) it is a "person" within the meaning of the statute; (2) there is a causal connection between the challenged actions, directed by the federal officer, and the plaintiff's claims; and (3) it is asserting a colorable federal defense.  Jefferson Cnty. v. Acker, 527 U.S. 423, 431 (1999).

The parties do not contest the first element, and this Court finds that Receiver Defendants meet this element.  For the second element, the causal connection is met when "the challenged conduct involves actions 'entrusted' to the receiver 'in his capacity as receiver.'"  Medical Dev. Int'l v. California Dep't of Corr. and Rehab., 585 F.3d 1211, 1216 (9th Cir. 2009).  Courts have found that removal is proper under § 1442(a) when claims are related to a defendant's performance of his court-appointed duties.  See Medical Dev. Int'l, 585 F.3d at 1216 (affirming the Eastern District's exercise of jurisdiction under 28 U.S.C. § 1442(a) over Receiver Kelso); Candler v. Arya, No. 2:19-cv-0867-WBS-DMC, 2020 WL 996644, at *9 (E.D. Cal. Mar. 2, 2020) ("Defendant Kelso, as receiver, is an officer of the courts of the United States such that removal to this court was proper."); Patterson v. Kelso, No. 2:16-cv-0719 AC P, 2016 WL 4126726, at *2, (E.D. Cal. Aug. 2, 2016).  Here, the Court appointed a Receiver to bring the medical care provided by CDCR up to federal constitutional standards.  (ECF No. 10-1 at Ex. 1 at 6-7.)  To meet this goal, the Receiver was given the "duty to control, oversee, supervise, and direct all administrative, personnel, financial, accounting, contractual, legal, and other operational functions of the medical delivery component of the CDCR."  (Id. at 7; see also id. at 9 ("The Receiver shall have all powers necessary to fulfill the above duties under this Order….")  The court's order provided that "Receiver and his staff shall have the status of officers and agents of this Court, and as such shall be vested with the same immunities as vest with this Court."  (Id. at 11.)  Because the Receiver and his staff have broad authority to manage and control the prison's healthcare system, plaintiff's allegations that the Receiver Defendants were negligent in performing their duties thereby causing him to contract Covid-19 meets the causal connection

////

requirement.[4]

As to the third element, Kelso's status as an officer of the court gives him the right to remove the action to federal court even if the complaint only raises state law claims. "Under the federal officer removal statute, suits against federal officers may be removed despite the nonfederal cast of the complaint; the federal-question element is met if the defense depends on federal law." Acker, 527 U.S. at 431; see also Kircher v. Putnam Funds Trust, 547 U.S. 633, 644 n.12 (2006); Mesa v. California, 489 U.S. 121, 134-35 (1989). In evaluating the colorable federal defense requirement, courts have rejected a "narrow, grudging interpretation" of the statute. Willingham v. Morgan, 395 U.S. 402, 407 (1969). Courts broadly construe removal jurisdiction under § 1442 in favor of removal. Durham v. Lockheed Martin Corp., 445 F.3d 1247, 1252-53 (9th Cir. 2006). In this case, Receiver Defendants argue that the action should be dismissed because they are entitled to quasi-judicial immunity for the challenged conduct. (ECF No. 1 at 2; see also ECF No. 10 at 13-14.) This Court agrees. Courts have found that the colorable federal defense requirement is met when a defendant raises an immunity defense. See, e.g., Acker, 527 U.S. at 431 (finding that the defense of intergovernmental tax immunity satisfies the colorable federal defense requirement); Willingham, 395 U.S. at 407 ("In fact, one of the most important reasons for removal is to have the validity of the defense of official immunity tried in a federal court."); A.W.S. v. Johnston, No. 22-cv-04718-JSW, 2022 WL 5027429, at *3 (N.D. Cal. Oct. 4, 2022). Receiver Defendants need not prove that their quasi-immunity defense will succeed to have the case removed. See Willingham, 395 U.S. at 407. Because Receiver Defendants have satisfied the removal requirements under § 1442(a), this Court recommends denying plaintiff's

---

[4] Plaintiff argues that removal is improper because he is suing Kelso as a member of the prison's governing body, not in his capacity as Receiver. (ECF No. 6 at 4; see also ECF No. 16 at 4.) This argument lacks merit. Although plaintiff may not refer to Kelso as the Receiver in the complaint, the exhibits to the complaint confirm that Kelso is on the Health Care Services' Governing Body in his capacity as Federal Court Receiver. (See ECF No. 1 at 56); See Daniels-Halls, 629 F.3d at 998 (courts are not required to accept as true allegations contradicted by exhibits attached to the complaint). Plaintiff also admits that he is not suing Kelso in his individual capacity. (See ECF No. 6 at 5.)

8

motion to remand.[5]

IV.  The Complaint

On or about March 1, 2020, Butler was a prisoner at High Desert State Prison. (ECF No. 1 at 11.) During the relevant time period, defendants were employees of the California Department of Corrections and Rehabilitation, California Correctional Health Care Services. (Id.)

Plaintiff alleges that defendants were responsible for the safe custody of the inmates at state correctional institutions. (Id.) The corrections department maintains several statewide programs and committees to manage, evaluate, and improve the prison health care system. (Id. 11-12.) Plaintiff claims that defendants neglected or intentionally violated their duties under the California Code of Regulations and various statewide programs and committees by allowing: (1) inmates from other prisons to transfer into High Desert State Prison during a Covid-19 outbreak; (2) inmates to refuse going into isolation; (3) inmates with different Covid-19 exposures to cohort; and (4) Butler's cellmate to quarantine in the same cell with Butler after the cellmate went outside of the prison for medical treatment, thereby exposing him to Covid-19. (Id. at 13-15.) After contracting Covid-19, "Butler was hurt and injured in his health, strength, and activity, sustaining injury to his nervous and immune systems including loss of his sense of smell for two weeks, body chills for two weeks, headaches several times a week for six months, all of which injuries caused Butler mental, physical, and emotional pain and suffering." (Id. at 13.)

In the complaint, Butler alleges claims for negligence, intentional infliction of emotional distress, negligent infliction of emotional distress, and civil conspiracy, requesting compensatory damages, punitive damages, costs of suit, and any other relief deemed proper. (Id. at 11-27.)

---

[5] Because this Court finds that removal was proper, it does not address the Receiver Defendants' argument that plaintiff waived his right to move for remand. Plaintiff also argues that Receiver Defendants Kirkland, Heintz, Dovey, and Clark have not alleged facts showing that they acted under Kelso. (ECF No. 6 at 6.) Even assuming that those defendants are not receivership employees, plaintiff does not dispute that Kelso was appointed as a Federal Receiver. As a federal official, Kelso has an independent basis to remove the action to federal court. See Ely Valley Mines, 644 F.2d at 1314.

V.  Legal Standards for Motion to Dismiss

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for motions to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).[6] In considering a motion to dismiss pursuant to Rule 12(b)(6), the court must accept as true all factual allegations in the complaint, Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and construe the pleading in the light most favorable to the plaintiff. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969); Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999). Still, to survive dismissal for failure to state a claim, a pro se complaint must contain more than "naked assertion[s]," "labels and conclusions," or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Furthermore, plaintiff must allege enough facts to state a plausible claim for relief. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

"As a general rule, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001) (internal quotes and citation omitted), overruled on other grounds by Galbraith v. County of Santa Clara, 307 F.3d 1119 (9th Cir. 2002). There are two exceptions that prevent any extrinsic evidence from converting the Rule 12(b)(6) motion into a summary judgment motion; materials which are properly submitted as part of the complaint or "matters of public record" which may be judicially noticed. Id. at 688-89. "If the documents are not physically attached to the complaint, they may be considered if the documents' "'authenticity . . . is not contested' and 'the plaintiff's complaint necessarily relies' on them."' Id. at 688 (quoting Parrino v. FHP, Inc., 146 F.3d 699, 705-06 (9th Cir. 1998).

---

[6] Plaintiff is incorrect that this Court should apply California's demurrer standard when deciding the sufficiency of the complaint. See Erie Railroad Co. v. Tompkins, 304 U.S. 64 (1938).

10

"A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). In general, pro se pleadings are held to less stringent standards than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam). The court has an obligation to construe such pleadings liberally. Bretz v. Kelman, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc). However, the court's liberal interpretation of a pro se complaint may not supply essential elements of the claim that were not pled. Ivey v. Board of Regents of Univ. of Alaska, 673 F.2d 266, 268 (9th Cir. 1982).

VI. Discussion

    A. Failure to State a Claim

Defendants argue that the complaint should be dismissed because it fails to state a claim upon which relief can be granted. (ECF Nos. 3 & 11.) Specifically, they contend that the complaint fails to allege that defendants committed specific acts or omissions that would give rise to the alleged claims. (ECF No. 3 at 14; ECF No. 11 at 3-4.) In response, plaintiff argues that the complaint sufficiently alleges defendants' acts or omissions giving rise to the causes of action. (ECF No. 23 at 18-19.)

Under Rule 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." This does not require "'detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusations." Iqbal, 556 U.S. at 677-78 (citing Twombly, 550 U.S. at 555.) The mere recitation of the elements of a cause of action with supporting conclusory statements is insufficient to survive a motion to dismiss. Id. at 678.

Under California law, a negligence claim requires proof of a (1) legal duty to use care, (2) breach of duty, and (3) breach caused the alleged injuries. See Spinks v. Equity Residential Briarwood Apartments, 171 Cal. App. 4th 1004, 1046 (2009). In California, government tort liability requires the existence of a statutory duty. Searcy v. Hemet Unified School Dist., 177 Cal. App. 3d 792, 802 (1986). There is no separate tort for negligent infliction of emotional distress. See Molien v. Kaiser Found. Hosps., 27 Cal. 3d 916, 928 (1980). To state a claim for

intentional infliction of emotional distress, plaintiff must allege "(1) extreme and outrageous conduct with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." Mintz v. Blue Cross of Cal., 172 Cal. App. 4th 1594, 1607 (2009). The conduct must be "so extreme and outrageous as to go beyond all possible [bounds] of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." Id. at 1608 (cleaned up).

Here, the complaint does not provide sufficient factual allegations to state a cause of action for negligence, negligent infliction of emotional distress, or intentional infliction of emotional distress. Plaintiff alleges that defendants were all employees of CDCR, and as part of their employment, were responsible for the safe custody of inmates. (ECF No. 1 at 11.) Defendants allegedly neglected this duty by allowing: (1) inmates to transfer into High Desert State Prison from other prisons experiencing Covid outbreaks; (2) inmates to refuse isolation; (3) inmates with different Covid exposures to cohort; and (4) plaintiff's cellmate to quarantine in the shared cell after being transported for outside medical care. (ECF No. 1 at 13-16.) Plaintiff also alleges that defendants negligent and intentional dereliction of their duties caused him emotional distress. (ECF No. 1 at 16-25.) These allegations do not establish that defendants failed to exercise a statutory duty of care,[7] breached that duty, or that their actions or omissions caused plaintiff to contract Covid-19.[8] Nor does plaintiff sufficiently allege that defendants engaged in "extreme and outrageous conduct" intended to cause him emotional distress.

To plead a claim for civil conspiracy, plaintiff is required to prove the following elements: "(1) the formation and operation of the conspiracy, (2) wrongful conduct in furtherance of the

---

[7] Plaintiff alleges that defendants violated their duty under the California Health & Safety Code § 120290. (ECF No. 1 at 14.) That provision states that a defendant can be guilty of intentional transmission of an infectious or communicable disease if certain conditions apply. Plaintiff has not plausibly alleged that this provision creates a statutory duty for defendants, triggering a common law negligence claim.

[8] Plaintiff alleges that he tested positive for Covid-19 on December 11, 2020. (ECF No. 1 at Ex. 9.) He claims the torts occurred between March 2020 and March 2021. (ECF No. 23 at 26.)

conspiracy, and (3) damages arising from the wrongful conduct." Kidron v. Movie Acquisition Corp., 40 Cal. App. 4th 1571, 1582 (1995). In California, civil conspiracy is not a standalone tort; rather, it imposes liability on person who shares with the tortfeasors a common plan or design of perpetration of the wrongful act. Id. at 1582. "Standing alone, a conspiracy does no harm and engenders no tort liability. It must be activated by the commission of an actual tort." Applied Equip. Corp. v. Litton Saudi Arabia Ltd., 7 Cal. 4th 503, 511 (1994). To be liable, the person must have knowledge of the planned tort and an intent to aid in its commission. Kidron. 40 Cal. App. 4th at 1582. Here, plaintiff alleges that on or about December 1, 2020, defendants committed a civil conspiracy by agreeing to violate California Health & Safety Code § 120290, as evidenced by a prisoner leaflet noting that inmates can fill out a refusal form if they choose not to isolate from other inmates. (ECF No. 23 at 18-20.) The existence of the refusal policy is insufficient to allege a civil conspiracy. Plaintiff does not adequately allege how the refusal policy violates § 120290 nor has he pleaded any facts to plausibly suggest that defendants had knowledge of a planned tort and intended to aid others in committing that tort. This Court finds that plaintiff has failed to state a civil conspiracy claim to survive a motion to dismiss.

If the court finds that a complaint should be dismissed for failure to state a claim, it has discretion to dismiss with or without leave to amend. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Leave to amend should be granted if it appears possible that the defects in the complaint could be corrected, especially if a plaintiff is pro se. Id. at 1130-31; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A pro se litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."). Plaintiff has not been given an opportunity to amend his complaint, and it is not clear that plaintiff cannot allege facts demonstrating state law claims. As a result, this Court gives plaintiff leave to amend his complaint.

B.     Federal Tort Claims Act ("FTCA")

Additionally, Receiver Defendants argue that the complaint must be dismissed under the FTCA because plaintiff was required, but failed, to sue the United States. (ECF No. 3 at 21-22;

13

ECF No. 25 at 6-7.) Plaintiff contends that FTCA does not apply because there is insufficient evidence that Receiver Defendants had the requisite control over others to prove that they were federal employees. (ECF No. 23 at 26.)

The FTCA established mandatory procedures for pursuing injury or loss of property or personal injury or death claims against federal government employees while acting within the scope of their employment. 28 U.S.C. § 2679. Under 28 U.S.C. § 2671, an employee of the government includes "officers or employees of any federal agency… and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation." As explained above, Kelso is an agent of the federal court. Because plaintiff is suing Kelso for tort claims arising under state law, plaintiff was required to comply with the FTCA. To comply, a state tort action against a federal employee within the scope of his employment must be brought against the United States if a private person could be held liable for the same type of conduct under California law. Kelso, as an agent of the court, is not a proper defendant.[9]

A federal court does not have subject matter jurisdiction over an FTCA claim unless plaintiff first presented the underlying tort claim to the "appropriate Federal agency" and the claim was "finally denied" by the agency. 28 U.S.C. § 2675(a); see also McNeil v. United States, 508 U.S. 106, 113 (1993). Plaintiff's complaint does not allege that he satisfied this requirement. As a result, plaintiff's claims arising under the Federal Tort Claims Act must be dismissed.

    C.    Immunity Defenses

Alternatively, Receiver Defendants claim that they are entitled to absolute quasi-judicial immunity from suit. Receiver Defendants and the other defendants assert that they are entitled to

---

[9] Plaintiff tries to get around this fact by arguing that Receiver Defendants are excluded as government employees because they do not have adequate authority to control other employees citing Carrillo v. United States, 5 F.3d 1302 (9th Cir, 1993). (ECF No. 23 at 25.) This test applies only when distinguishing between federal employees and an independent contractor, which is not applicable here. Other courts have found that Kelso is an agent of the federal government under the FTCA. See, e.g., Candler, 2020 WL 996644, at *6; Patterson, 2016 WL 4126726, at *5.

statutory immunities arising under state law.

          i.    Absolute Quasi-Judicial Immunity (Receiver Defendants)

As agents of the Plata court, Receiver Defendants argue that they acted within the broad authority conferred to them by the Plata court and therefore have quasi-judicial immunity from suit. (ECF No. 3 at 15-20.) Plaintiff argues that this type of immunity does not apply to nondiscretionary functions. (ECF No. 23 at 21.)

Judges are generally immune from civil liability for any damages resulting from their judicial acts. See Mireles v. Waco, 502 U.S. 9 (1991) (per curiam); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978); Mullis v. United States Bankr. Ct., 828 F.2d 1385, 1388 (9th Cir. 1987); Ashelman v. Pope, 793 F.2d 1072, 1075 (9th Cir. 1986) (en banc) ("Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities."); see also Ramirez v. Pasternak, 408 F. App'x 55 (9th Cir. 2011). A judge loses this judicial immunity for taking (1) nonjudicial actions or (2) judicial actions in complete absence of all jurisdiction. Mireles, 502 U.S. at 11-12. A court appointed trustee or receiver is also entitled to absolute quasi-judicial immunity from damages. Mullis, 828 F.2d at 1390 ("The trustee or receiver derives his immunity from the judge who appointed him."); New Alaska Dev. Corp. v. Guetschow, 869 F.2d 1298, 1302 (9th Cir. 1989) ("Our case law teaches that absolute judicial immunity generally immunizes persons such as [the receiver] who, pursuant to court appointment, administer the affairs of the litigants."); Bennett v. Williams, 892 F.2d 822, 825 (9th Cir. 1989); see also Alta Gold Mining Co. v. Aero-Nautical Leasing Corp., 656 F. App'x 316, 318 (9th Cir. 2016). "Absent broad immunity, receivers would be 'a lighting rod for harassing litigation aimed at judicial orders.'" New Alaska Dev. Corp., 869 F.2d at 1303 (citation omitted).

The challenged conduct – the management of the prison health care system related to the Covid pandemic – falls within Kelso and the other Receiver Defendants' official responsibilities as part of the federal receivership and is therefore protected by quasi-judicial immunity. As noted above, the Plata court gave the receiver and his staff broad authority to control the delivery of medical services to inmates incarcerated within CDCR. (ECF No. 10-1 at Ex. 1.) That broad authority includes how to manage medical care and transfers when dealing with a highly

contagious virus. See Abdulle v. Sillen, No. 20-cv-07065-JST, 2022 WL 628696, at *4 (N.D. Cal. Feb. 1, 2022) ("[T]he history of the *Plata* case demonstrates that the prevention of disease is, and always has been, within the Receivers' jurisdiction."). The Plata proceedings before the United States District Court for the Northern District of California have recently focused on managing the Covid-19 pandemic. See, e.g., Plata v. Newsom, No. 01-cv-01351-JST, 2020 WL 4248685, at *3 (N.D. Cal. July 22, 2020).

Furthermore, the Plata court expressly ordered that the Receiver and his staff shall have immunity for their work. (ECF No. 10-1 at Ex. 1 at 11 ("The Receiver and his staff shall have the status of officers and agents of this Court, and as such shall be vested with the same immunities as vest with this Court. Additionally, Defendants shall indemnify the Receiver and members of his staff to the same extent as Defendants are obligated to indemnify the Secretary of the CDCR.") Because plaintiff's allegations directly challenge the Receiver Defendants' court delegated responsibilities, they are entitled to quasi-judicial immunity. See Marn v. McCully Asscs., 667 F. App'x 978 (9th Cir. 2016) (affirming dismissal of § 1983 claim "because as a state court-appointed receiver, [the receiver] was entitled to absolute quasi-judicial immunity for actions undertaken pursuant to, and approved by, court orders."); Harris v. Allison, No. 20-cv-09393-CRB, 2022 WL 2232526, at *4 (N.D. Cal. June 7, 2022) ("Mr. Kelso's challenged conduct related to the transfer of prisoners falls squarely within his role and jurisdiction as the federal receiver and is protected by his quasi-judicial immunity."); Patterson, 2016 WL 4126726, at *7-8 (finding that receiver is entitled to quasi-judicial immunity for tort claims related to court-appointed management of business). Despite plaintiff's argument to the contrary, this case is distinguishable from a breach of contract case where the court held that the receiver was not entitled to immunity. Medical Dev. Int'l, 585 F.3d at 1222; see also Patterson, 2016 WL 4126726, at *7-8.

This Court's finding is in line with other courts within the Ninth Circuit that have already recognized that Kelso as receiver of the California prison medical system is entitled to quasi-judicial immunity. See Patterson v. Kelso, 698 F. App'x 393, 394 (9th Cir. 2017) (finding that Kelso has quasi-judicial immunity against a negligence claim); In re CIM-SQ Transfer Cases, No.

16

22-mc-80066-WHO, 2022 WL 5240094, at *2-3 (N.D. Cal. July 21, 2022) (citing cases); Casto v. Newsom, No. 2:19-CV-2209-EFB, 2020 WL 3640474, at *3 (E.D. Cal. July 6, 2020) (same). Plaintiff does not and cannot plausibly allege that Kelso or the other Receiver Defendants acted outside their appointed capacity or in complete absence of jurisdiction.[10]  Accordingly, this Court finds that Receiver Defendants J. Clark Kelso, Richard Kirkland, Lisa Heintz, John Dovey, and Jackie Clark should be dismissed from this action, and because any amendment of the complaint would be futile, dismissal is with prejudice as to those defendants.

                ii.      State Law Statutory Immunities (All Defendants)

Defendants contend that they are immune from liability under the following state statutes: (1) Cal. Gov. Code § 815(a) (immunity provision under California Tort Claims Act); (2) Cal. Gov Code § 8658 (transferring inmates between penal institutions due to Covid); (3) Cal. Gov Code § 855.4 (discretionary decisions to prevent spread of Covid); (4) Cal. Gov Code  § 8659(a) (services provided during state of emergency); (5) Cal. Gov. Code § 845.2 (insufficient equipment, personnel, or facilities to allow inmates to quarantine or isolate away from other groups); (6) Cal. Gov. Code § 820.2 (immunity for discretionary acts regarding basic policy decisions or activities at planning level); (7) Cal. Gov. Code § 820.8 (conduct of others); and (8) Cal Gov. Code § 844.6(a)(2) (public entity is not liable for injuries to prisoner).  (ECF No. 3 at 23-25; ECF No. 11 at 7-10.)  This Court declines to address these issues now because it gives plaintiff leave to amend the complaint.  It is worthwhile to note that other courts in the Ninth Circuit have found that state law statutory immunities do not preclude state law claims at the pleading stage.  See, e.g., Hampton v. California, No. 21-cv-03058-LB, 2022 WL 838122, at *13-14 (N.D. Cal. Mar. 20, 2022); Polanco v. California, No. 21-cv-06516-CRB, 2022 WL 625076, at

---

[10] To the extent plaintiff has attempted to sue Receiver Defendants in their individual capacities, quasi-judicial immunity still applies.  Hirsh v. Justices of Sup. Ct. of Cal., 67 F.3d 708, 715 (9th Cir. 1995); see also Medical Dev. Int'l, 585 F.3d at 1219 ("Indeed, the Receiver cannot be sued in his individual capacity for acts like those at issue here."); McNulta v. Lochridge, 141 U.S. 327, 332 (1891) ("Actions against the receiver are in law actions against the receivership or the funds in the hands of the receiver, and his contracts, misfeasances, negligences.  And liabilities are official, and not personal, and judgments against him as receiver are payable only from the funds in his hands.")

*16 (N.D. Cal. Mar. 3, 2022).

### D. Request for Screening under 28 U.S.C. § 1915A

All defendants request a screening order under 28 U.S.C. § 1915A. (ECF Nos. 3 & 11.) This request is moot because this Court recommends granting defendants' motion to dismiss and leave for plaintiff to file an amended complaint.

## VII. Conclusion

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is directed to assign a district judge to this case;
2. Defendants' request for judicial notice (ECF No. 10-1) is granted in part and denied in part;
3. Plaintiff's request for judicial notice (ECF No. 17) is granted; and
4. Plaintiff's second request for judicial notice (ECF No. 23-1) is granted in part and denied in part.

Further, IT IS RECOMMENDED that:

5. Plaintiff's motion for remand (ECF No. 6) should be denied;
6. Defendants' motion to dismiss (ECF No. 3) should be granted; and
7. Plaintiff's complaint should be dismissed with prejudice as to Defendants J. Clark Kelso, Richard Kirkland, Lisa Heintz, John Dovey, and Jackie Clark, and dismissed without prejudice as to the remaining defendants; and
8. Within thirty days from the date of any order by the district court adopting these findings and recommendations, plaintiff shall file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days

after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  February 14, 2023

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/TAA/butl1301.mtd.kjn