UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARIUS BUTLER, | No. 2:22-cv-1301 KJM KJN P |
| Plaintiff, | |
| v. | ORDER |
| J. CLARK KELSO, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge as provided by 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On February 14, 2023, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days. F. & R., ECF No. 32. Following extensions of time, plaintiff filed objections to the findings and recommendations. Objs., ECF No. 38. Defendants filed a response to the objections. Response, ECF No. 39.

In accordance with provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a de novo review of this case. Having reviewed the file, the court adopts the findings and recommendations in part. The court addresses plaintiff's objections here.

///

1

## I. Judicial Notice.

Plaintiff first argues the magistrate judge erred by granting in part defendants' request for judicial notice and denying in part plaintiff's request for judicial notice. "When a magistrate judge rules on a non-dispositive matter, a district judge may 'reconsider' that ruling only if it is 'clearly erroneous or contrary to law.'" *CPC Pat. Techs. Pty Ltd. v. Apple, Inc.*, 34 F.4th 801, 804 (9th Cir. 2022) (quoting 28 U.S.C. § 636(b)(1)(A)). Thus, the court reviews the magistrate judge's ruling on the requests for judicial notice under the "clearly erroneous" standard.

Plaintiff contends the court improperly took judicial notice of disputed facts, specifically the California Correctional Healthcare Services (CCHS) organizational chart and a memorandum identifying John Dovey as a special consultant to the Office of the Receiver. Objs. at 2–4. Under Federal Rule of Evidence 201(b)(2), the court may take judicial notice of "a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. Courts can take judicial notice of "matters of public record made available by the government." *Kheriaty v. Regents of the Univ. of Cal.*, No. 22-55001, 2022 WL 17175070, at *1 (9th Cir. Nov. 23, 2022) (unpublished). This includes information posted on government websites and government documents that are "verifiable with certainty." *United States v. Camp*, 723 F.2d 741, 744 n.** (9th Cir. 1984) (collecting cases). The magistrate judge did not err in granting in part defendants' requests for judicial notice.

Plaintiff next posits the magistrate judge incorrectly failed to take judicial notice of certain documents. Obj. at 4. As the magistrate judge notes, plaintiff cannot supplement the allegations in his complaint through his requests for judicial notice. *See* F. & R. at 5; *see also D & D Greek Rest., Inc. v. Great Greek Franchising, LLC*, No. 20-9770, 2021 WL 4459063, at *3 (C.D. Cal. May 19, 2021) (collecting cases). Additionally, judicial notice need not be taken of information nonresponsive to the pending motions. *See Plevy v. Haggerty*, 38 F.Supp.2d 816, 821 (C.D. Cal. 1998). The magistrate judge did not err in denying in part plaintiff's requests for judicial notice.

///

///

### II. Motion to Remand

Plaintiff argues the magistrate judge erred by finding removal proper and recommending against remand. "When a magistrate judge issues a report and recommendation on a dispositive matter, a district judge must 'make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.'" *CPC Pat. Techs. Pty Ltd.*, 34 F.4th at 804 (citing 28 U.S.C. § 636(b)(1)(C)). Thus, the court reviews the magistrate judge's recommendation regarding the motion to remand de novo.

After the magistrate judge issued the findings and recommendations, plaintiff filed a notice of dismissal, dismissing all claims against defendant J. Clark Kelso, the court-appointed Receiver for the California prison medical healthcare system in the case of *Plata v. Newsom*, Case No. 01-1351 (N.D. Cal.). Not. Dismissal, ECF No. 35. Plaintiff does not argue the magistrate judge erred in his analysis that Kelso met the removal requirements under 28 U.S.C. § 1442(a), which permit federal officers to remove an action to federal court. Rather, plaintiff argues because Kelso has been dismissed and no other defendants established a separate ground for removal, the case should be remanded. Objs. at 6–7. The magistrate judge did not separately analyze whether the other defendants were employed under Kelso because "[a]s a federal official, Kelso has an independent basis to remove the action to federal court." F. & R. at 9 n.5.

The magistrate judge did not err in recommending denial of plaintiff's motion to remand. Plaintiff did not file his notice of dismissal until after the magistrate judge issued the findings and recommendations. Moreover, the jurisdiction of this court is "not ousted when the federal removal predicate was subsequently dropped from the proceedings." *Murphy v. Kodz*, 351 F.2d 163, 167 (9th Cir. 1965). Plaintiff's tactical move to avoid this court's jurisdiction does not deprive this court of jurisdiction.

### III. Motion to Dismiss

Plaintiff argues this court should assess his complaint under the California demurrer statute rather than the Federal Rules of Civil Procedure. Obj. at 10. This position is incorrect because the Federal Rules apply to civil cases once removed to federal court. Fed. R. Civ. P. 81(c)(1); *see Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Loc. 70 of*

3

1   *Alameda County*, 415 U.S. 423, 437 (1974).

2       Here, the court does not reach whether plaintiff has met the federal pleading requirements because the court finds the magistrate judge correctly found the Receiver and members of his staff, collectively termed "Receiver defendants," are entitled to quasi-judicial immunity. As the magistrate judge notes, F. & R. at 16, the *Plata* court expressly ordered "[t]he Receiver and his staff shall have the status of officers and agents of this Court, and as such shall be vested with the same immunities as vest with this Court." *See* Touchstone Decl. Ex. 1 at 6, ECF No. 10-1. The Ninth Circuit and district courts in this circuit have consistently held court-appointed receivers are entitled to quasi-judicial immunity. *See, e.g.*, *In re CIM-SQ Transfer Cases*, No. 22-2059, 2023 WL 2285850, at *2 (N.D. Cal. Feb. 27, 2023) (collecting cases); *see also Abdulle v. Sillen*, No. 22-15319, 2022 WL 17818545, at *2 (9th Cir. Dec. 20, 2022) (unpublished) (holding "federal receivers also are entitled to immunity from a suit for damages"). Accordingly, the **complaint is dismissed with prejudice as to the Receiver defendants**.

    "Once the basis for removal jurisdiction is dropped, it is within the district court's discretion whether to 'hear the rest of the action or remand it to the state court from which it was removed.'" *Mellis v. Asbestos Corp. Ltd.*, No. 13-3449, 2013 WL 4805746, at *2 (N.D. Cal. Sept. 9, 2013) (quoting *Swett v. Schenk*, 792 F.2d 1447, 1450 (9th Cir.1986)). This action was removed to this court in accordance with the federal officers removal statute noted above. Plaintiff voluntarily dismissed Kelso, and in any event the Receiver defendants are entitled to quasi-judicial immunity as noted above. Because the remaining defendants are not federal officers entitled to federal court jurisdiction under 28 U.S.C. § 1442, plaintiff's claims are all based on state law, and the litigation is at its early stages, the court exercises its discretion to dismiss the complaint without prejudice as to the remaining defendants and remand the action to state court. *See Murphy v. Kodz*, 351 F.2d 163, 167–68 (9th Cir. 1965) (holding district courts have discretion to dismiss a complaint and remand a case to state court "[w]here the federal head of jurisdiction has vanished from the case, and there has been no substantial commitment of judicial resources to the nonfederal claims").

///

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed February 14, 2023, are **adopted in part**;

2. Plaintiff's motion for remand (ECF No. 6) is **granted in part**;

3. Defendants' motion to dismiss (ECF No. 3) is **granted**;

4. Plaintiff's complaint is **dismissed with prejudice** as to Defendants J. Clark Kelso, Richard Kirkland, Lisa Heintz, John Dovey, and Jackie Clark, and **dismissed without prejudice** as to the remaining defendants;

5. This action is **remanded** to the Superior Court of California, County of Sacramento; and

6. The Clerk of the Court is directed to **close** this case.

DATED: August 28, 2023.

CHIEF UNITED STATES DISTRICT JUDGE